2002 WY 143

**Steven R. BARELA, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 01–216.

Supreme Court of Wyoming.

Sept. 25, 2002.

Donald E. Miller of Graves, Miller & Kingston, P.C., Cheyenne, Wyoming, Representing Appellant.

Hoke MacMillan, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Robin Sessions Cooley, Senior Assistant Attorney General, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN,* KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶ 1]   In 1995, Steven R. Barela (appellant) pled guilty to the second-degree murder of his wife.   In 2000, he filed a motion to withdraw his guilty plea, primarily due to the claimed ineffectiveness of his trial counsel.   The district court denied this motion.   Based on our recent decision in *Nixon v. State*, 2002 WY 118, 51 P.3d 851 (Wyo.2002), we conclude that the district court was without jurisdiction to consider appellant's motion to withdraw his guilty plea, and, accordingly, dismiss this appeal.

**ISSUES**

[¶ 2]   Appellant presents two issues for our review:

*ISSUE I*

Did the district court deny appellant due process of law by filing a decision letter in lieu of a formal order from which he could appeal?

*ISSUE II*

Did the district court improperly deny appellant's motion to withdraw his guilty plea in light of the allegations contained in the motion and supporting affidavit when the district court made its decision without holding a hearing?

The State of Wyoming, as appellee, essentially responds to the issues raised by appellant and additionally questions the district court's jurisdiction to consider appellant's motion to withdraw his guilty plea.

**FACTS**

[¶ 3]   In 1994, appellant was charged with the first-degree murder of his wife.   On March 29, 1995, the State filed an amended information charging appellant with second-degree murder.   That same day, appellant, represented by counsel, pled guilty to second-degree murder, and the district court, on

* *Chief Justice at time of oral argument.*

April 21, 1995, imposed a sentence of twenty-eight years to life in the Wyoming State Penitentiary. Appellant did not perfect a direct appeal from the district court's judgment and sentence.

[¶ 4] On April 19, 1996, appellant, represented by counsel, petitioned the district court to modify his sentence pursuant to W.R.Cr.P. 35, primarily alleging that, at sentencing, the district court did not possess complete medical records regarding his psychological diagnosis and condition. The district court held a hearing, denied the petition, and appellant appealed that denial to this Court. We affirmed the district court's decision in *Barela v. State*, 936 P.2d 66 (Wyo. 1997).

[¶ 5] In 1999, appellant, pro se, filed a Petition for Post–Conviction Relief in the district court pursuant to Wyo. Stat. Ann. §§ 7–14–101 through 7–14–108 (LexisNexis 2001), contending that: (1) his guilty plea was not supported by a proper factual basis; (2) his in-custody confession and consent to a search were involuntary; (3) the district court exceeded its authority in imposing restitution; and (4) his trial counsel was ineffective in several respects. The State filed a motion to dismiss appellant's petition, which motion the district court granted on February 23, 2000. Appellant filed a notice of appeal to this Court regarding the denial of his post-conviction relief petition. We dismissed the appeal because appellant was required to seek appellate review in the form of a timely petition for writ of review rather than a notice of appeal.

[¶ 6] On October 23, 2000, appellant, pro se, filed a Motion to Withdraw Guilty Plea in the district court, arguing that he should be allowed to withdraw his guilty plea because his trial counsel was ineffective: (1) in advancing a motion to suppress appellant's confession; (2) in failing to advise appellant regarding the possibility of a conditional plea in order to preserve the suppression issue for direct appeal; (3) in failing to pursue a direct appeal on appellant's behalf; (4) in failing to advise appellant that the factual basis for his plea was insufficient; and (5) in failing to advise appellant of possible defenses to the murder charge. The district court denied appellant's motion without a hearing, and by way of a January 30, 2001, decision letter, stated that the decision letter "shall stand as the final order in this matter."

[¶ 7] On July 11, 2001, privately-retained counsel entered an appearance in the district court on behalf of appellant and subsequently submitted a Motion Requesting Submission of Final Order, wherein appellant argued that the district court's decision letter denying his Motion to Withdraw Guilty Plea was not in the form of a final order and the time within which to file a notice of appeal from that denial had not yet commenced. After a hearing, the district court denied this motion, and appellant appealed.

## DISCUSSION

[¶ 8] We agree with the State that the district court was without jurisdiction to consider appellant's Motion to Withdraw Guilty Plea. In *Nixon*, 2002 WY 118, ¶¶ 9, 13, 51 P.3d at 853, 854, we recently stated that generally, "a [criminal] case becomes final after judgment and sentence is entered and an appellate decision affirming the conviction has been made, or the time for taking an appeal expires without perfection of an appeal, or after the voluntary dismissal of such an appeal" and that

except where there has been a remand following an appeal in a criminal case, or where one of the statutes or rules mentioned above [i.e., Wyo. Stat. Ann. § 1–27–101 et seq., Wyo. Stat. Ann. § 7–14–101 through 7–14–108, W.R.Cr.P. 35] otherwise expressly permits a district court to continue to assert jurisdiction over that criminal case, no authority exists for the court to act in the case—and its jurisdiction over the case should end—once the defendant's conviction has become final because of his exercise or forfeiture of his right to appeal from that conviction.

In particular, unless "a *specific, express* exception is created to this general rule by statute or court rule, a district court's jurisdiction to consider a motion to withdraw a plea—or any other motion not specifically provided for by statute or rule—ends when the case becomes final because of the expiration of the time for taking an appeal." *Nixon*, 2002 WY 118, ¶ 9, 51 P.3d at 853–54 (emphasis in original). Nixon had filed a post-sentence motion to withdraw his guilty pleas to first-degree murder and aggravated

assault and battery over three years after the entry of his pleas, three years after his sentence was imposed, and nine months after this Court affirmed his direct appeal. *Id.* at ¶¶ 6, 18, 51 P.3d at 853, 856. We dismissed Nixon's appeal, finding that the district court was without jurisdiction to consider the motion to withdraw his pleas because Nixon's criminal case had become "final" for purposes of such a motion prior to the motion's filing. *Id.* at ¶ 30, 51 P.3d at 859.

[¶ 9] In the instant case, appellant filed his Motion to Withdraw Guilty Plea over five years after the entry of his plea and over five years after his sentence was imposed. Pursuant to *Nixon,* appellant's criminal case became final for purposes of the motion to withdraw his guilty plea at the expiration of the time for taking a direct appeal from the district court's judgment and sentence. Accordingly, the district court was without jurisdiction to consider the motion to withdraw appellant's guilty plea and, because this Court has no greater jurisdiction than that of the district court in these matters, we dismiss this appeal for lack of subject matter jurisdiction.