2003 WY 71

**James Edward PEARSON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 02–163.**

Supreme Court of Wyoming.

June 4, 2003.

Rehearing Denied July 1, 2003.

Pro se, Representing Appellant.

Hoke MacMillan, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Georgia L. Tibbetts, Senior Assistant Attorney General, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

HILL, Chief Justice.

[¶ 1] Appellant, James Edward Pearson (Pearson), contends that the district court abused its discretion in denying his motion for new trial. That motion was based on an asserted violation of Wyoming's wire tap law. We will hold that Pearson's motion was not timely and that the district court should have dismissed the motion for that reason. Accordingly, we will dismiss the appeal as well.

## ISSUES

[¶ 2] Pearson calls our attention to these issues:

1. Did the district court abuse its discretion in not answering [*sic*] [ruling on] the Motion For New Trial within the time limitations and no continuance was filed[d] by an Order from the District Court.

2. Did the District Court abuse its discretion in not Ordering a Hearing pursuant to Rule 33(c)[.] A motion for new trial based on the ground of newly discovered evidence *shall be heard* and *determined.* The Defendant was not afforded a hearing, and the defendant could not present the New Evidence to support his motion for new trial.

3. Did the District Court abuse its discretion in the Order to dismiss the Motion For New trial on Newly Discovered Evidence without giving any reasons for the

Court's determination to dismiss without a hearing.

The State restructured the issues as follows:

I. Does this Court have jurisdiction to consider [Pearson's] appeal?

II. Did the district court err in denying [Pearson's] motion for new trial?

## FACTS

[¶ 3] Pearson was convicted of delivery of a controlled substance, methamphetamine. Judgment and sentence were entered on August 23, 1999. On October 23, 2000, his appeal of that conviction was affirmed. *Pearson v. State,* 12 P.3d 686 (Wyo.2000) (rehearing denied November 21, 2000). On April 15, 2002, Pearson filed a motion for new trial in the district court premised on the theory that he had newly discovered evidence that would result in the reversal of his conviction. With respect to a motion for new trial, W.R.Cr.P. 33 provides this guidance:

Rule 33. **New Trial.**

(a) In general. The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice. If trial was by the court without a jury, the court, on motion of a defendant for a new trial, may vacate the judgment if entered, take additional testimony, and direct the entry of a new judgment.

(b) Any grounds except newly discovered evidence. **A motion for a new trial based on any grounds, except newly discovered evidence, shall be made within 15 days after verdict or finding of guilty or within such further time as the court may fix during the 15 day period;** but the time for filing of motion may not be extended to a day more than 30 days from the date the verdict or finding of guilty is returned. The motion shall be determined and a dispositive order entered within 15 days after the motion is filed and if not so entered shall be deemed denied, unless within that period the determination shall be continued by order of the court, but no continuance shall extend the time to a day more than 60 days from the date the verdict or finding of guilty is returned.

(c) Newly discovered evidence. **A motion for a new trial based on the grounds of newly discovered evidence may be made only before or within two years after final judgment but if an appeal is pending, the court may grant the motion only on remand of the case. A motion for new trial based on the ground of newly discovered evidence shall be heard and determined and a dispositive order entered within 30 days after the motion is filed unless, within that time, the determination is continued by order of the court, but no continuance shall extend the time to a day more than 60 days from the date that the original motion was filed. When disposition of a motion for new trial based on newly discovered evidence is made without hearing, the order shall include a statement of the reason for determination without hearing.** [Emphasis added.]

[¶ 4] As the first step in our scrutiny of Pearson's issues, we must determine whether his assertion that he had new evidence is viable. Merely captioning his motion as a motion premised on newly discovered evidence does not suffice. Pearson's premise is that the evidence used to convict him was obtained under a communications interception (wire tap) statute that had expired. Wyo. Stat. Ann. §§ 7-3-601 through—611 (Lexis 1999). When that statute was enacted in 1985, the Legislature provided, in what amounts to a footnote that did not carry through to the printed statutes, that it was to expire on July 1, 1989. 1985 Wyo. Sess. Laws ch. 121, sec. 4. Those statutes were treated by the Legislature in a 1987 revision of Title 7, though no expiration date was mentioned in that revision. 1987 Wyo. Sess. Laws ch. 157, sec. 3 at 323–31. Those statutes were re-enacted in 1989 with an expiration date of July 1, 1995. It was apparent that the Legislature wanted to keep an eye on these fairly liberal "wire tap" laws. However, no action was taken by the Legislature in 1995, and, thus, they did expire. The statutes at issue were repealed in 2001 and revised and re-enacted as Wyo. Stat. Ann. §§ 7-3-701 through—712 (LexisNexis 2001).

*See United States v. Salazar*, 323 F.3d 852 (10th Cir.2003).

[¶ 5] A significant piece of evidence in obtaining the conviction against Pearson was a recording that was made using a remote microphone (commonly called a "wire") concealed on the person of a confidential informant who purchased methamphetamine from Pearson. Pearson asserts as his new evidence that the statute governing communications interceptions was defunct when the evidence used against him was obtained. It suffices to say here that the old statutes, as well as the new statutes, cited above have nothing to do with the evidence obtained against Pearson. *Almada v. State*, 994 P.2d 299, 306–7 (Wyo.1999).[1] Therefore, we conclude that Pearson's motion did not raise an issue with respect to newly discovered evidence.

[¶ 6] Our next step is to employ the provisions of W.R.Cr.P. 33(b), which requires that a motion for new trial be filed within 15 days after the verdict. "The time limitations of Rule 33 are jurisdictional. The court is without power to consider an untimely motion for a new trial. It cannot extend the time in which to move for a new trial except as specifically provided in Rule 33 itself." 3 Charles Alan Wright, Federal Practice and Procedure 2d § 558 at 360–61 (1982 and Supp.2002); *and see generally Barela v. State*, 2002 WY 143, ¶ 8, 55 P.3d 11, ¶ 8 (Wyo.2002); and *Nixon v. State*, 2002 WY 118, ¶ 9, 51 P.3d 851 ¶ 9 (Wyo.2002). Thus, the district court did not have jurisdiction to consider Pearson's motion for new trial and neither does this Court.

## CONCLUSION

[¶ 7] The appeal is dismissed.

---

1. *Almada* upheld participant monitoring without a court order if done with the consent of one participant, and further held that participant monitoring did not violate either the Fourth Amendment or provisions of the Wyoming Constitution governing unreasonable search and seizure.