2003 WY 97

**John Arthur TAYLOR, Jr., Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 02-222.

Supreme Court of Wyoming.

Aug. 20, 2003.

Rehearing Denied Sept. 3, 2003.

* * * *

---

**3.** Wyo.Stat.Ann. § 20-2-202(a)(i) provides in part:
(a) The court may order visitation it deems in the best interests of each child and the court shall:

(ii) Provide for the allocation of the costs of transporting each child for purposes of visitation[.]

Representing Appellant: John Arthur Taylor, Jr., pro se.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael

Pauling, Senior Assistant Attorney General; Ed Newell, Special Assistant Attorney General.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1]   John Arthur Taylor, Jr., appeals the district court's dismissal for lack of jurisdiction of his pro se "Petition to Show Cause Why Judgement [sic] is Not Void." Taylor had filed that petition to challenge his 1997 conviction and sentence for possession of a deadly weapon with unlawful intent.  Finding that the district court was without jurisdiction to consider Taylor's petition, we dismiss this appeal as well.

## ISSUES

[¶ 2]   In this pro se appeal, Taylor does not expressly state any issues in his brief. We discern his issue to be whether his 1997 conviction and sentencing are a nullity because written oaths of office were allegedly not filed by the county court commissioners involved in the preliminary stages of his criminal case.  The State of Wyoming phrases the issues as follows:

I.   Did the district court have jurisdiction to consider Taylor's "Petition to Show Cause Why Judgement (sic) Is Not Void"?

II.   Does this Court have jurisdiction to consider Taylor's appeal?

## FACTS

[¶ 3]   Taylor was convicted of possession of a deadly weapon with unlawful intent following a trial to the court in Fremont County on April 7, 1997, and was sentenced to two to four years in the Wyoming State Penitentiary on June 18, 1997.  He appealed his conviction and sentence, which were upheld by decision of this Court on May 26, 2000, in *Taylor v. State*, 7 P.3d 15 (Wyo.2000).

[¶ 4]   On June 17, 2002, Taylor filed in the district court a "Petition to Show Cause Why Judgement [sic] Is Not Void." The Petition was filed under his criminal case caption and asserts that it was served on the Fremont County Attorney's Office by regular mail.

He then filed a "Motion for Summary Judgment" on July 19, 2002.  These pleadings allege defects in the arrest warrant and search procedures in 1997, and that his conviction is void because the county court commissioners who presided over his preliminary hearing and ordered him bound over to the district court for trial did not have written oaths of office on file.  These issues were not raised in Taylor's previous appeal.

[¶ 5]   The Fremont County Deputy Prosecuting Attorney filed a one-page "State's Response to Defendant's Motion for Summary Judgment," asserting that a motion for summary judgment under the rules of civil procedure does not apply to criminal proceedings; that a motion for new trial pursuant to W.R.Cr.P. 33 would have been due within two years of final judgment; that a motion for arrest of judgment for want of jurisdiction under W.R.Cr.P. 34 would have been due within ten days of conviction, and that a motion for post-conviction relief would be untimely under Wyo. Stat. Ann. § 7–14–103(d).

[¶ 6]   The district court judge issued a decision letter on July 31, 2002, which stated:

Having reviewed your memos and the case of *Nixon v. State*, 2002 WY 118, 51 P.3d 851, I find that defendant has not stated any cause for relief over which this court has any authority.  Therefore, I will order that the applications filed by defendant be dismissed and the claims be denied.

An order of dismissal was filed on September 3, 2002, which Taylor appealed.

## DISCUSSION

[¶ 7]   The district court and the state are correct that this matter is controlled by our decision in *Nixon v. State*, 2002 WY 118, 51 P.3d 851 (Wyo.2002).  The facts in *Nixon* were procedurally similar.  Nixon had pled guilty under a plea agreement to first degree murder and aggravated assault and battery. Nine months after this Court affirmed his judgment and sentence, he sought via motion in the district court to withdraw his guilty pleas. The district court, finding it lacked jurisdiction, dismissed the motion to withdraw the plea, and Nixon appealed.  We

agreed with the district court and dismissed the second appeal for lack of jurisdiction in this Court.

[¶ 8] We discussed at some length the finality of criminal convictions in *Nixon.* We noted the specific procedures under the rules and statutes for post-conviction relief, acknowledged the constitutional and policy bases for finality in criminal cases, and concluded that, once the defendant's conviction has become final because of the exercise or forfeiture of his right to appeal from his conviction, the district court has no continuing authority to act in the case unless permitted by express statute or rule. *Id.* at ¶¶ 11–13; *see also Barela v. State*, 2002 WY 143, ¶¶ 8–9, 55 P.3d 11, 12–13 (Wyo.2002).

[¶ 9] Perhaps out of naiveté or perhaps to avoid the preclusive effect of the above cases, Taylor tried to bring his claim before this Court in the cloak of a civil proceeding, using a show cause petition and motion for summary judgment. But we will not permit post-conviction relief to be invoked as a substitute for a direct appeal. *Cutbirth v. State*, 751 P.2d 1257, 1261 (Wyo. 1988). Nor will we allow issues that could have been raised on appeal to be challenged by a petition for post-conviction relief because they are foreclosed by the doctrine of *res judicata. Kallas v. State*, 776 P.2d 198, 199 (Wyo.1989). Likewise, we will not permit other civil proceedings to be used as an appeal-like proceeding to effect an end-run around the waiver and *res judicata* doctrines. *Nixon*, 2002 WY 118, ¶ 19, 51 P.3d at 856.

[¶ 10] Giving Taylor the benefit of the doubt, even if we were to construe his petition as a motion for a new trial under W.R.Cr.P. 33, he is three years too late in his request. And if construed as a motion for arrest of judgment under W.R.Cr.P. 34, he is five years too late. He is likewise too late under the post-conviction relief statute, Wyo. Stat. Ann. § 7–14–103(d) (LexisNexis 2003), and a habeas corpus petition would not lie as he would have completed his sentence no later than 2001.

[¶ 11] We have consistently held that an unconditional guilty plea waives an appellate review of non-jurisdictional claims.

*Kitzke v. State*, 2002 WY 147, ¶ 8, 55 P.3d 696, 699 (Wyo.2002). The only claims that remain are those that go to the jurisdiction of the court or the voluntariness of the plea. *Id.* (citing *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir.1992)).

> Examples of jurisdictional defects are unconstitutionality of the statute defining the crime, failure of the indictment or information to state an offense, and double jeopardy. Non-jurisdictional defects include the use of inadmissible evidence, the use of unlawfully obtained statements, a claim that a grand jury was improperly convened and conducted, and a claim of violation of the right to speedy trial.

*Kitzke*, ¶ 9 (citations omitted).

[¶ 12] Taylor's arrest warrant and search claims are clearly waived by his plea. Taylor argues repeatedly that the alleged failure of the county court commissioners to have a written oath on file goes to the court's subject matter jurisdiction in his original criminal proceedings, and therefore can be raised at any time. He cites several civil cases for the court's general jurisdictional requirement, but no pertinent authority or cogent argument for the proposition that the county court commissioner's written oath is a jurisdictional prerequisite in preliminary criminal proceedings. Such a defect—the existence of which the record does not demonstrate—would be more akin to a claim that a grand jury was improperly convened than it would be to the jurisdictional defects we have identified, and is therefore non-jurisdictional and not subject to any kind of post-conviction review, even if properly pled.

## CONCLUSION

[¶ 13] In light of the above considerations and precedents, the district court was correct in concluding that it lacked jurisdiction to afford Mr. Taylor any relief from his 1997 conviction and sentencing. And as we noted also in *Nixon*, 2002 WY 118, ¶ 8, 51 P.3d at 853, this Court enjoys no greater jurisdiction than that of the district court in such matters. We must therefore dismiss this appeal

for lack of subject matter jurisdiction in this Court.