2005 WY 135

**Mark David KOENIG, Appellant
(Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 04–164.**

Supreme Court of Wyoming.

Oct. 17, 2005.

Representing Appellant: Kenneth M. Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel; Tina N. Kerin, Senior Assistant Appellate Counsel; Nathan Preuss, Student Intern. Argument by Mr. Preuss.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General;

Eric Johnson, Director; Jenny L. Craig, Student Director; Scott M. Dutcher, Student Intern; and Jonathan Haidsiak, Student Intern, of the Prosecution Assistance Program. Argument by Mr. Haidsiak.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Mark Koenig appeals the district court's ruling on his post-sentence motion to withdraw his guilty pleas. Koenig contends that his guilty pleas were not knowing or voluntary because he was suffering from a mental illness and, accordingly, incompetent at the time he entered the pleas. We affirm.

## ISSUE

[¶ 2] Koenig presents the following issue on appeal:

Whether the district court abused its discretion when it denied [Koenig's] motion to withdraw guilty pleas.

## FACTS

[¶ 3] On January 11 and January 19, 2003, Koenig entered the home of Tracy Archuleta without her permission and, in each instance, caused more than $500.00 in damages to its contents. During the latter incident, Koenig had in his possession a .40 caliber semi-automatic handgun and a hunting knife. As a result of his conduct on those occasions, the State charged Koenig with one count of burglary and one count of aggravated burglary, as proscribed by Wyo. Stat. Ann. § 6–3–301 (LexisNexis 2005).

[¶ 4] Koenig initially pled not guilty to the charges at his arraignment. On August 8, 2003, Koenig changed his pleas to guilty on both counts pursuant to a plea agreement with the State. Before accepting Koenig's pleas, the district court ensured Koenig understood his rights, the nature of the charges and their associated penalties, and that he was not suffering from any physical, mental or learning disability. After obtaining a factual basis for his pleas, the district court found Koenig was alert and not under the influence of anything that would adversely affect his understanding of the proceedings, he was competent to enter the pleas, and his pleas were knowing and voluntary.

[¶ 5] Prior to sentencing, Koenig's attorney arranged for Dr. Anup Sidhu to perform a psychiatric evaluation on Koenig for use in mitigation of sentencing. That evaluation was completed on October 25, 2003, and Dr. Sidhu's report was submitted to, and reviewed by, the district court before sentencing. Based primarily on the information provided by Koenig, Dr. Sidhu diagnosed Koenig as bipolar. At the same time, however, Dr. Sidhu noted Koenig was alert, cooperative, and of average intellectual ability with good insight and judgment. Dr. Sidhu also noted Koenig was oriented as to time, place and person and found no indication Koenig had been experiencing hallucinations or delusions.

[¶ 6] Koenig's sentencing hearing was held on December 30, 2003. During the hearing, the district court entertained the testimony of three witnesses for the State, an impact statement by the victim, counsels' arguments in mitigation and aggravation of sentencing, and Koenig's statement in allocution of sentencing. Koenig's attorney mentioned Koenig's bipolar disorder but did not indicate that competency was at issue for either the crimes or at the time of Koenig's guilty pleas. Koenig spoke directly to the district court and argued coherently and logically for leniency. The district court was not swayed by Koenig's comments, defense counsel's argument, or Dr. Sidhu's report. The district court noted that Dr. Sidhu's conclusions lacked factual support and did not mitigate Koenig's actions. The court ultimately imposed a sentence of five to fifteen years on the aggravated burglary conviction and two to three years on the burglary conviction.

[¶ 7] On March 16, 2004, more than two months after sentencing, Koenig, through new counsel, moved to withdraw his guilty pleas.[1] Relying on Dr. Sidhu's report, Koenig claimed, among other things, that his

---

1. The judgment and sentence was entered on March 3, 2004. Therefore, the rule articulated in *Nixon v. State*, 2002 WY 118, 51 P.3d 851 (Wyo.2002), is inapplicable in this case.

guilty pleas were not knowing and voluntary because he was mentally incompetent at the time of his pleas.

[¶ 8] During a motion hearing held on April 21, 2004, defense counsel based his argument for plea withdrawal on three points gleaned from Dr. Sidhu's report of Koenig's bipolar disorder and counsel's own understanding of the nature of that disorder—Koenig's lack of care of his reckless behavior, his lack of care regarding the consequences of his actions, and his impulsiveness. In response, the State pointed out that nothing in Dr. Sidhu's report suggested Koenig was mentally incompetent during the crimes or when he entered his guilty pleas to warrant withdrawal of those pleas. The district court agreed with the State and denied the motion, specifically finding:

> I find that there is nothing in Dr. Sidhu's report that has even an implication that Mr. Koenig did not understand or did not have the capacity to understand the rightness of his decision; in other words, there is nothing in that report that suggests that at the time that a crime was committed he was incompetent or that he was incompetent to stand trial. The report was offered solely for purposes of mitigation; and there still is no evidence before me other than that report, which does not say he lacked proper capacity to indicate that, in fact, he did lack capacity either to go forward with trial or to understand the seriousness of his plea. There have been implications and suggestions, but there is no evidence from which I can make that finding. Dr. Sidhu's report was offered only for purposes of mitigation, as I indicated earlier. And, largely, that report was based on self-reporting from Mr. Koenig. And a number of things reported couldn't be verified and, in fact, are disputed by the other evidence, including his allegations of use of alcohol on the night in question.

Koenig appeals the district court's denial of his motion.

## STANDARD OF REVIEW

[¶ 9] Withdrawal of a guilty plea after sentencing requires a defendant to show "manifest injustice." *Ingersoll v. State,*

2004 WY 102, ¶ 12, 96 P.3d 1046, 1050 (Wyo. 2004). We review a trial court's denial of a post-sentence motion to withdraw a guilty plea for an abuse of discretion. *Id.* In deciding whether or not a trial court abused its discretion, we must "determine whether the trial court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious." *Id.* (citations omitted).

## DISCUSSION

[¶ 10] Koenig argues that the district court abused its discretion when it denied his post-sentence motion to withdraw his guilty pleas. Koenig contends, as he did below, that his pleas were involuntary because he was suffering from bipolar disorder, which rendered him incompetent to enter his pleas. We have recognized that the standard for determining a defendant's competence to enter a guilty plea is the same as the standard for determining competence to stand trial. *Major v. State,* 2004 WY 4, ¶ 19, 83 P.3d 468, 477 (Wyo.2004) (citing *Godinez v. Moran,* 509 U.S. 389, 395 n. 5, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993)). A defendant is not competent to stand trial if, by reason of mental illness or deficiency, he lacks the capacity to: (1) comprehend his position; (2) understand the nature and object of the proceedings against him; (3) conduct his defense in a rational manner; and (4) cooperate with his counsel to the end that any available defense may be interposed. Wyo. Stat. Ann. § 7–11–302(a) (LexisNexis 2005).

[¶ 11] Koenig presents no argument that he was ever incompetent as defined by § 7–11–302(a). Ignoring the statute, Koenig simply argues, as he did below, that a diagnosis of a recognized mental illness automatically renders a person incompetent to enter a guilty plea. His broad claim that he suffers from bipolar disorder and is "mentally ill" is insufficient to establish he was incompetent to knowingly and voluntarily enter his guilty pleas. *Miles v. Dorsey,* 61 F.3d 1459, 1472 (10th Cir.1995). With no evidence supporting a claim of legal incompetency, we find no abuse of discretion by the district court in denying Koenig's motion to withdraw his guilty pleas. It is Koenig's burden to demonstrate manifest injustice warranting with-

drawal of his pleas. Koenig clearly has failed to carry that burden.

[¶ 12] Moreover, our review of the record supports a finding that Koenig's guilty pleas were knowingly, intelligently, and voluntarily made. The transcript from the change of plea hearing reveals the district court very carefully complied with the mandates of W.R.Cr.P. 11. If those criteria are satisfied, it is not an abuse of discretion to refuse to allow withdrawal of the pleas. *Johnson v. State*, 922 P.2d 1384, 1386 (Wyo. 1996). At the change of plea hearing, the district court thoroughly advised Koenig of his rights and the ramifications of his decision to plead guilty. Koenig indicated his understanding of the charges and their attendant penalties, the consequences of his guilty pleas, and the rights he would relinquish if he entered those pleas. We are satisfied Koenig was true to his word when he stated to the court he was entering his pleas voluntarily and of his own free will. Even the psychiatric evaluation submitted by Koenig for purposes of sentencing does not contradict this conclusion. It provides no indication that Koenig was not able to comprehend the nature and object of the criminal proceeding against him. Indeed, it affirmatively indicated Koenig was college educated, oriented and alert and not suffering from delusions or hallucinations.[2]

## CONCLUSION

[¶ 13] The district court did not abuse its discretion in denying Koenig's post-sentence motion to withdraw his guilty pleas. Koenig presented no evidence that he was legally incompetent at any time during the criminal proceedings. The record indicates Koenig's guilty pleas were entered intelligently, knowingly, and voluntarily. Affirmed.

---

2. We also reject Koenig's contention that the district court should have suspended, *sua sponte,* the proceedings pending a competency evaluation and hearing. This contention has not been properly raised as an issue before this Court. In any event, we find no evidence in the record that would have given the district court reasonable

cause to believe Koenig was legally incompetent at any stage of the proceedings. *Cf. deShazer v. State,* 2003 WY 98, ¶¶ 14–29, 74 P.3d 1240, 1245–52 (Wyo.2003) (discussing evidence before the trial court meriting a *sua sponte* competency determination).