# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2016 WY 14

*October Term, A.D. 2015*

**January 27, 2016**

|  |  |
|---|---|
| SCOTT MADISON GOODWYN, Individually, and as a Limited Partner, for himself and derivatively on behalf of the WALLOP FAMILY LIMITED PARTNERSHIP, a Wyoming Limited Partnership,<br><br>Appellant<br>(Plaintiff),<br><br>v.<br><br>PAUL STEBBINS WALLOP AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MALCOLM WALLOP, deceased; PAUL STEBBINS WALLOP AS SUCCESSOR TRUSTEE UNDER THE MALCOLM WALLOP REVOCABLE TRUST UNDER AGREEMENT DATED JANUARY 2, 2008; PAUL STEBBINS WALLOP, Individually; WALLOP CANYON RANCH, LLC, a Wyoming Limited Liability Company; WALLOP FAMILY LIMITED PARTNERSHIP, a Wyoming Limited Partnership,<br><br>Appellees<br>(Defendants). | S-15-0288 |

### ORDER GRANTING MOTION TO DISMISS APPEAL

[¶1]     **This matter** came before the Court upon a "Motion to Dismiss Appeal Filing and Supporting Brief," e-filed herein December 22, 2015, by Paul Stebbins Wallop, as Successor Trustee under the Malcolm Wallop Revocable Trust under Agreement dated January 2, 2008;

Paul Stebbins Wallop, individually; and the Wallop Canyon Ranch, LLC. After a careful review of the motion, the "Appellant Goodwyn's Response in Opposition to Appellees' Motion to Dismiss and Appellant's Motion to Strike," the materials attached thereto, "Appellees' Reply on Motion to Dismiss," and the file, this Court finds the motion to dismiss should be granted.

[¶2] The captioned matter arose following publication of this Court's opinion in *Wallop Canyon Ranch, LLC v. Goodwyn*, 2015 WY 81, 351 P.3d 943 (Wyo. 2015). In that opinion, this Court, among other things, affirmed a district court order awarding Scott Goodwyn attorney fees pursuant to Wyo. Stat. Ann § 17-14-1104, which permits an award of fees if a derivative claim against a limited partnership is successful "in whole or in part." This Court published its opinion on June 9, 2015. No pleadings were filed thereafter, and the mandate issued on June 25, 2105.

[¶3] The present matter began on June 30, 2015, when Mr. Goodwyn filed, in district court, a motion to recover attorney's fees incurred in the appeal. On October 21, 2015, the district court entered its "Order Denying Application for Appellate Attorney Fees." The district court ruled that Mr. Goodwyn "was required to file his motion for appellate attorney's fees with the Wyoming Supreme Court before the mandate issued. Under *DeWitt* [*v. Balben*, 718 P.2d 854, 866 (Wyo. 1986)] and its progeny, this is the 'exclusive' procedure for seeking appellate costs and attorney's fees." Mr. Goodwyn took the captioned appeal to challenge the district court's order. Shortly after the appeal was docketed, Appellees filed their motion to dismiss.

[¶4] Mr. Goodwyn is correct that this Court does not usually consider the merits of an appeal on a motion to dismiss. However, it will do so in certain circumstances. *Cotton v. Hand*, 563 P.2d 1343, 1344 (Wyo. 1977) ("although the merits of an appeal are not usually to be considered on a motion to dismiss ... it is clear from even the most cursory reading of the facts herein that there is a total lack of legal basis for appellant's appeal."). *See also Barela v. State*, 2002 WY 143, ¶ 9, 55 P.3d 11, 13 (Wyo. 2002) ("In the instant case, appellant filed his Motion to Withdraw Guilty Plea over five years after the entry of his plea and over five years after his sentence was imposed. Pursuant to *Nixon*, appellant's criminal case became final for purposes of the motion to withdraw his guilty plea at the expiration of the time for taking a direct appeal from the district court's judgment and sentence. Accordingly, the district court was without jurisdiction to consider the motion to withdraw appellant's guilty plea and, because this Court has no greater jurisdiction than that of the district court in these matters, we dismiss this appeal for lack of subject matter jurisdiction."); *Nixon v. State*, 2002 WY 118, ¶ 17, 51 P.3d 851, 855 (Wyo. 2002).

[¶5] Here, this Court's precedent clearly establishes a procedure whereby this Court is the exclusive arbiter of appellate attorney fees. *DeWitt v. Balben*, 718 P.2d 854, 866 (Wyo. 1986). Thus, it is clear the district court's "Order Denying Application for Appellate Attorney Fees" was a correct application of the law. *See* W.R.A.P. 10.06 ("Any motions for costs or fees shall be filed with the court within 15 days after the final written opinion or order is filed."). Therefore, in the rare circumstances presented by this matter, this Court concludes the captioned appeal should be dismissed, on the merits, based on a motion to dismiss. It is, therefore,

[¶6] **ORDERED** that the Motion to Dismiss Appeal, filed herein December 22, 2015, be, and hereby is, granted. The captioned appeal is dismissed.

[¶7]    **DATED** this 27th day of January, 2016.

                                   **BY THE COURT:***

                                   /s/

                                   **MICHAEL K. DAVIS**
                                   **Justice**

*Chief Justice Burke and Justice Hill took no part in the consideration of this matter.  District Court Judges W. Thomas Sullins and Marvin L. Tyler participated by assignment.