**Terry ROGERS, Appellant (Defendant),**

v.

**CITY OF CHEYENNE,
Appellee (Plaintiff).**

No. 87–82.

Supreme Court of Wyoming.

Dec. 29, 1987.

Bernard Q. Phelan, Cheyenne, for appellant.

R. Walter Connell, Deputy City Atty., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT, and MACY, JJ.

CARDINE, Justice.

Appellant Terry Rogers was convicted of violating Cheyenne Ordinance No. 1969, § 4, Code Appendix B, because a tree on his property exceeded height limitations for trees in a noninstrument approach zone of the Cheyenne Municipal Airport. He challenges his conviction on two grounds. First, he contends that the zoning ordinance is unconstitutional. Second, he contends that there was insufficient evidence to support his conviction.

We affirm.

In July 1982 airport officials notified appellant that a tree on his property was not in conformance with a city zoning ordinance imposing height limitations for trees in a noninstrument approach zone of the Cheyenne Municipal Airport. Appellant refused to trim the tree. In April 1984 appellant and his wife filed an action seeking a declaratory judgment that the zoning ordinance effected an unconstitutional taking in violation of the Wyoming and United States constitutions. They also sought an injunction prohibiting enforcement of the ordinance. After a bench trial, the district court found the statute "to be unconstitutional as applied to the plaintiffs herein as being without just compensation or due process of law." The airport board and the city of Cheyenne appealed to this court; and we reversed the district court, concluding that the ordinance did not effect an unconstitutional taking. *Cheyenne Airport Board v. Rogers*, Wyo., 707 P.2d 717 (1985). Appellant and his wife appealed our decision to the United States Supreme Court, which dismissed the appeal for want of a substantial federal question. *Rogers v. Cheyenne Airport Board*, — U.S. —, 106 S.Ct. 1961, 90 L.Ed.2d 647 (1986). Appellant and his wife then filed an action in federal district court, under 42 U.S.C. § 1983, seeking a declaratory judgment, injunction and damages. That case was dismissed as being barred by "[p]rinciples of full faith and credit, res judicata, * * * comity, equity and federalism." *Rogers v. City of Cheyenne*, No. C86–0276–B

(D.Wyo. Dec. 9, 1986). Meanwhile, the tree remained untrimmed.

On June 18, 1986, the city of Cheyenne filed a criminal complaint against appellant, alleging a violation of the zoning ordinance. A trial was held in the municipal court, and on November 10, 1986, the court entered judgment and sentence against appellant finding him guilty of violating the ordinance and ordering him to bring the tree into compliance within ten days or face a continuing fine of $200 per day for each day the tree was not in compliance. Appellant appealed to the district court; and that court dismissed the appeal, concluding that this court's decision in *Cheyenne Airport Board*, supra, was "controlling." Appellant now appeals from the district court's order dismissing his appeal.

■ With respect to appellant's constitutional challenge, we provided an extensive discussion and decision concerning the constitutionality of the disputed ordinance in *Cheyenne Airport Board*, supra. Appellant now contends that he is not "bound" by that decision because the district court did not have subject matter jurisdiction in that case and the judgment is therefore void. In support of this assertion appellant cites *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), in which the United States Supreme Court held that a taking dispute brought under 42 U.S.C. § 1983 was not ripe, and therefore not justiciable, because the plaintiff landowners had failed to seek a variance from a zoning ordinance and failed to use available state procedures to obtain just compensation before filing the action in federal court. Appellant contends that he too failed to seek a variance before filing his declaratory judgment action and, as a result, the action did not present a justiciable controversy.

This court is, of course, not bound by federal justiciability principles, and the United States Supreme Court's decision in Williamson, supra, does not control the jurisdictional issue raised by appellant. In Wyoming district courts, jurisdiction and

justiciability are governed by Art. 5, § 10 of the Wyoming Constitution as it is interpreted by this court. We have held that the presence of a justiciable controversy is a jurisdictional requirement in a declaratory judgment action, *Mountain West Farm Bureau Mutual Insurance Company, Inc. v. Hallmark Insurance Company*, Wyo., 561 P.2d 706, 710 (1977), and that a judgment rendered by a court without jurisdiction is void and subject to collateral attack. *Stroock v. Kirby Royalties, Inc.*, Wyo., 494 P.2d 197 (1972). But we do not agree with appellant's assertion that his prior declaratory judgment action did not present a justiciable controversy. The justiciability requirement is relaxed in declaratory judgment actions involving matters of great public importance. *Washakie County School District No. One v. Herschler*, Wyo., 606 P.2d 310 (1980). A dispute involving an obstacle in an airport approach zone concerns the safety of air travelers and unquestionably constitutes a matter of great public importance. We reject appellant's contention that the judgment in *Cheyenne Airport Board*, supra, was void for lack of a justiciable controversy.

Appellant contends that, even if the prior civil judgment is not void, he cannot be precluded from relitigating the constitutional issues in this criminal action because of the difference in the burdens of proof in civil and criminal actions. Appellant also urges that this court's analysis in *Cheyenne Airport Board*, supra, has been called into question by two recent opinions of the United States Supreme Court. We will assume, without deciding, that res judicata principles do not prevent appellant from making a second constitutional challenge in this case.

■ Appellant urges that our analysis in *Cheyenne Airport Board*, supra, is erroneous in light of two recent United States Supreme Court cases, *First English Evangelical Lutheran Church of Glendale v. Los Angeles County, California*, —— U.S. ——, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987), and *Nollan v. California Coastal Commission*, —— U.S. ——, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987). We disagree. In *First Lutheran Church*, the Court held that a landowner was entitled to compensation for a temporary taking which denied him *all use* of his property. Id., 107 S.Ct. at 2388. We fail to see how the opinion affects our analysis in *Cheyenne Airport Board*, supra. In the second recent case relied upon by appellant, *Nollan v. California Coastal Commission*, the Supreme Court held that the California Coastal Commission could not require a public easement across the surface of a landowner's beachfront property as a condition for a building permit. The basis of the Court's holding was that the relationship between the easement condition and the asserted public purpose was so attenuated that it did not meet "even the most untailored standards" of constitutional review. 107 S.Ct. at 3148. This cannot be said of the ordinance in question here; appellant does not even advance the argument. Instead, he relies on the Court's statement in Nollan that if the California Coastal Commission had merely appropriated the easement, rather than attempting to acquire it as a condition of a building permit, a taking would have occurred. Id. at 3145. Appellant argues that if this reasoning is applied in the present case, the Cheyenne ordinance must be considered an unconstitutional taking because it constitutes an appropriation of an overflight easement. We rejected this argument in *Cheyenne Airport Board*, supra, because we did not view the municipal ordinance as the "creator" or "appropriator" of the flight easement. *Cheyenne Airport Board*, supra at 725. Instead, the flight easement was created by "state and federal statutory declarations or by the repeated physical acts of overflight." Id. Thus, we viewed the ordinance as a regulation on actual and potential surface uses. Appellant has not convinced us that these conclusions were incorrect. Consequently, we reaffirm our holding in *Cheyenne Airport Board*, supra, and we reject appellant's constitutional challenge in this case.

■ Appellant next contends that the record contains insufficient evidence to support his conviction. Specifically he argues that the City failed to prove that he was under a duty to trim the tree. This

argument is based upon a "grandfather" clause contained in § 6(a) of the ordinance, which provides:

> "The regulations prescribed by this ordinance shall not be construed to require the removal, lowering, or other changes or alteration of any structure or tree not conforming to the regulations as of the effective date of this ordinance, or otherwise interference with the continuance of any nonconforming use."

This section allows for the *continuance* of a nonconforming use. It does not allow the *expansion* of a preexisting nonconforming use, a subject which is addressed in § 7(b):

> "*Existing uses.* No permit shall be granted that would allow the establishment or creation of an airport hazard or permit a nonconforming use, structure, or tree to be made or become higher, or become a greater hazard to air navigation, than it was on the effective date of this ordinance or any amendments thereto or than it is when the application for a permit is made. Except as indicated, all applications for such a permit shall be granted."

We held in *Cheyenne Airport Board,* supra, that this provision prohibits the expansion of a legally protected nonconforming use. In other words, a violation occurred if the tree was allowed to grow higher than it stood in October 1974, when the ordinance was adopted.

 When viewing the sufficiency of the evidence to support a criminal conviction, we view the evidence in a light most favorable to the prosecution, along with inferences which may be fairly drawn from it, to determine whether the evidence will support a finding of guilt beyond a reasonable doubt. *Smith v. State,* Wyo., 721 P.2d 1088, 1091 (1986). Applying this standard to the present case, we conclude that appellant's conviction was supported by sufficient evidence. Appellant testified that the tree was trimmed twice, once in the summer of 1974 and again in 1977. The arborist who performed the second trimming testified that the tree had previously been trimmed to a height of approximately thir-

ty feet. The trial court, as the trier of fact, was entitled to conclude from this evidence that the tree was cut to approximately thirty feet in the summer of 1974. The arborist also testified that the tree could be expected to grow anywhere between four inches and two feet per year. If the tree was trimmed to thirty feet in the summer of 1974, it would have been only slightly taller than thirty feet in October 1974, when the ordinance was passed. The evidence indicates that when appellant was charged with violating the ordinance in 1986, the tree had grown to a height of at least forty-six feet. Thus, the evidence was sufficient to support a finding of an unlawful expansion of a nonconforming use.

Affirmed.