2007 WY 118

**Richard Paul MEYERS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 05–284.

Supreme Court of Wyoming.

July 31, 2007.

Representing Appellant: Kenneth M. Koski, State Public Defender; and Donna D. Domonkos, Appellate Counsel, State Public Defender Program.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and James Michael Causey, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, and BURKE, JJ., and KAUTZ, D.J.

KAUTZ, District Judge.

[¶ 1] Richard P. Meyers (Meyers) sought to withdraw his *nolo contendere* plea after the district court sentenced him for attempt-ed voluntary manslaughter. The district court denied Meyers' motion without a hearing. Meyers challenges the lack of a hearing, and the district court's denial of his motion to withdraw plea.

## ISSUE

[¶ 2] Meyers raises this issue:

Did the District Court err in denying Meyers' motion to withdraw his plea without a hearing?

The State presents the issue as:

Did the District Court err in denying [Meyers'] post-sentence "Motion to Withdraw No Contest Plea" without a hearing and should his claim also be rejected as *res judicata?*

## FACTS

[¶ 3] Most of the facts are stated in our decision on Meyers' first appeal—*Meyers v. State*, 2005 WY 163, 124 P.3d 710 (Wyo.2005). After two mistrials due to deadlocked juries, Meyers pled *nolo contendere* to a reduced charge of attempted voluntary manslaughter. *Meyers*, ¶ 7, 124 P.3d at 713.

[¶ 4] Before accepting the plea, the district court asked Meyers if he understood the plea and if he was acting voluntarily. Meyers acknowledged that he was acting voluntarily, and that he understood the proceedings. He assured the court that he had discussed the plea to the reduced charge with his attorney and that he was satisfied with his lawyer's representation. Meyers stated that he understood his plea of *nolo contendere* was the same as a guilty plea and that there would be no trial (another trial was set for April 6, 2004, only two weeks from the date Meyers pled *nolo contendere* ). Meyers acknowledged that the maximum penalty he faced was 20 years and told the court that he had no questions. The district court accepted Meyers' plea.

[¶ 5] On May 18, 2004, the district court conducted a sentencing hearing. Meyers personally gave a long, detailed analytical presentation to the court. He gave no indication that he felt coerced to plead *nolo contendere,* but instead he said, "What I did

that night was terribly wrong, and I accept full responsibility for that, Your Honor." The district court imposed a sentence of 18 to 20 years.

[¶ 6] Meyers filed his first appeal on June 15, 2004. In that appeal he did not mention any claim that his plea was not voluntary.

[¶ 7] On May 19, 2005, over a year after the sentencing and 11 months after filing his first appeal, Meyers filed a pro se motion for sentence reduction and asked to withdraw his plea. His appellate counsel filed an additional motion to withdraw his plea on August 1, 2005. Both motions asserted that Meyers' plea was not voluntary. Specifically, Meyers claimed that he only pled to get out of the Carbon County jail, where he was being mistreated. He claimed that he was suicidal while in custody, and that he was subjected to cruel and unusual punishment in the Carbon County jail while awaiting trial. In support of these assertions, Meyers claimed:

(1) Jail logs show Meyers claimed he was suicidal in October 2002.

(2) His medical records from October 2002 did not adequately report his mental health.

(3) Jailers failed to provide medication to Meyers in 2002.

(4) The Sheriff delayed providing a mental health evaluation to Meyers in 2002.

(5) Meyers suffered from a painful rash in 2002, and complained of that condition in April 2004.

(6) In September 2002, an officer injured Meyers' arms while they were in a "cuff chute."

[¶ 8] On August 21, 2002, the district court ordered a forensic psychological evaluation for Meyers. The State attempted to conduct that evaluation on August 29, 2002, but Meyers refused to cooperate. The court issued a second order for a psychological evaluation and on December 12, 2002, Meyers finally cooperated so the evaluation could be completed. In that evaluation, Meyers stated that he had been upset in jail on numerous occasions, but did not report any mental health problems. The evaluation determined that Meyers was competent to participate in his case.

## LAW

### Withdrawal of Plea

[¶ 9] Rule 32(d), W.R.Cr.P., states that after a criminal defendant who pleads *nolo contendere* is sentenced, such plea "may be set aside only to correct manifest injustice." " 'Manifest injustice' contemplates a 'situation that is unmistakable or indisputable, was not foreseeable, and affects the substantial rights of a party.' " *DeLoge v. State,* 2005 WY 152, ¶ 16, 123 P.3d 573, 578 (Wyo. 2005) (quoting *McCarthy v. State,* 945 P.2d 775, 776 (Wyo.1997)). "It is, in part, intended to address 'a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.' " *DeLoge,* ¶ 16, 123 P.3d at 578 (quoting *United States v. Blackwell,* 127 F.3d 947, 956 (10th Cir.1997)).

[¶ 10] The district court has discretion in deciding whether or not manifest injustice exists. *DeLoge,* ¶ 16, 123 P.3d at 579. Although W.R.Cr.P. 32(d) does not specify that a district court must hold a hearing on a motion to withdraw a *nolo contendere* plea in exercising its discretion, this Court has adopted a two-part test formerly used by the federal courts to assist in determining whether or not to allow the withdrawal of a plea after sentencing:

> [I]f the defendant alleges facts which, if true, would entitle him to relief, the trial court must hold a hearing. To prevent a possible deluge of unnecessary court proceedings, the second element of the test allows a trial court to deny a hearing if the defendant's allegations are contradicted by the record, are inherently unreliable, or are merely conclusions rather than statements of fact.

*Coleman v. State,* 843 P.2d 558, 559–60 (Wyo.1992) (internal citations and footnote omitted). We have also recognized that "[i]f the defendant offers no plausible reason for withdrawal, the trial court has discretion to deny the motion without a hearing." *Brock v. State,* 981 P.2d 465, 468 (Wyo.1999).

*Valle v. State,* 2006 WY 43, ¶ 7, 132 P.3d 181, 184 (Wyo.2006).

 [¶ 11] Ultimately, the decision of the district court regarding a motion to withdraw the plea "will not be reversed [by this Court] for an abuse of discretion so long as the district court reasonably could conclude as it did." *DeLoge,* ¶ 16, 123 P.3d at 579 (quoting *Nixon v. State,* 4 P.3d 864, 869 (Wyo.2000)). Additionally, this Court "may affirm the district court's decision on any legal ground appearing in the record." *DeLoge,* ¶ 17, 123 P.3d at 579 (citing *Lacey v. State,* 2003 WY 148, ¶ 10, 79 P.3d 493, 495 (Wyo.2003)).

### *Res Judicata*

 [¶ 12] The concept of *res judicata* applies in criminal cases as well as in civil cases. *Gould v. State,* 2006 WY 157 ¶ 14, 151 P.3d 261, 266 (Wyo.2006). Under *res judicata,* "[i]t is a longstanding rule that issues which **could have been raised** in an earlier proceeding are foreclosed from subsequent consideration." *Gould,* ¶ 15, 151 P.3d at 266 (emphasis in original) (quoting *Lacey v. State,* 2003 WY 148, ¶ 11, 79 P.3d 493, 495 (Wyo.2003)).

### DISCUSSION

### *Hearing*

 [¶ 13] Meyers complains that the district court should have held a hearing on his motion to withdraw his plea. The district court considered each of the allegations set out in his motion to withdraw his plea. It found that Meyers' contention that he was denied a psychological evaluation was directly contradicted by the record. The court attempted to provide Meyers with an evaluation in August 2002, but he refused. An evaluation conducted in December 2002 found Meyers was able to participate in his defense. In that evaluation, Meyers represented that he was not suicidal and did not expect to feel that way in the future.

[¶ 14] A hearing on Meyers' claims would not have presented any plausible basis for concluding that manifest injustice would result if withdrawal was not permitted. Even if Meyers proved his 2002 claims were true at a hearing, those claims do not indicate that his 2004 plea was involuntary, or that manifest injustice resulted. The evidence in the record, from the change of plea hearing and from the sentencing, contradicts Meyers' claim that he was under extreme mental duress in March 2004 as a result of jail conditions in 2002. ·

[¶ 15] The district court properly decided Meyers' motion to withdraw his plea without a hearing, because Meyers presented no plausible reason to conclude that a manifest injustice had occurred. His claims were either contradicted by the record, or logically unrelated to the voluntariness of his plea in 2004. No hearing is required on a motion to withdraw plea where no plausible basis for withdrawal is presented, or where the allegations are clearly contradicted by the record. *Valle,* 132 P.3d 181.

### *Res Judicata*

 [¶ 16] Meyers appealed his case long before he moved to withdraw his plea. He could have claimed that his plea was involuntary in his appeal, but did not. The principle of *res judicata* precludes Meyers from now claiming that his plea was involuntary. *Gould,* 151 P.3d 261.

### CONCLUSION

[¶ 17] The district court properly decided Meyers' motion to withdraw plea without a hearing. Meyers should have made his claim that his plea was involuntary in his original appeal. *Res judicata* prevents him from making that claim now. The action of the district court is affirmed on each of these bases.