2009 WY 108

**Timothy Daniel MOORE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–08–0276.

Supreme Court of Wyoming.

Sept. 2, 2009.

Representing Appellant: Timothy D. Moore, Pro se.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Leda M. Pojman, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, and BURKE, JJ., and JAMES, D.J.

HILL, Justice.

[¶ 1]   In 2002, Timothy Moore (Appellant) was convicted of four felonies. Three of his felony sentences were ordered to be served concurrently with each other. These three concurrent sentences were ordered to be served consecutively to the fourth felony sentence. In 2004, the district court granted a sentence reduction. It is Appellant's contention here that, as a result of the sentence reduction, all four sentences are now concurrent. The district court has repeatedly rejected Appellant's claims in this regard. In this appeal, we will affirm the district court's *Order Clarifying July 12, 2005 Order Denying Sentence Modification.*

## ISSUES

[¶ 2]   In his *pro se* brief, Appellant does not provide a statement of the issues presented for review, as required by W.R.A.P. 7.01(d). However, he makes these three arguments:

1.   The March 12, 2004 Order required all of Appellant's sentences to run concurrently.

2.   [The district court's] Order Clarifying July 12, 2005 Order Denying Sentence Modification rendered [the 2004] Order Granting Appellant's Motion for Sentence Modification an absurdity and without effect.

3.   The language of the July 12, 2005 Order Denying Sentence Modification com-

pelled Appellant to submit the Motion to Clarify and Complete the July 12, 2005 Order.

## FACTS

[¶ 3] In 2002, a Carbon County jury found Appellant guilty of two misdemeanors [1] and the following four felonies: aggravated burglary, blackmail, and two counts of kidnapping. The details of those crimes are set out in *Moore v. State*, 2003 WY 153, 80 P.3d 191 (Wyo.2003). The district court imposed the following felony sentences:

| Count I | Aggravated burglary | 5-10 years |
|---------|---------------------|------------|
| Count IV | Kidnapping | 5-10 years |
| Count V | Kidnapping | 5-10 years |
| Count VI | Blackmail | 2-5 years |

The district court ordered that the sentences for Counts IV, V, and VI be served concurrently with each other, but consecutively to the sentence for Count I. This Court affirmed the convictions in Moore, with mandate issuing on December 11, 2003.

[¶ 4] On February 23, 2004, Appellant filed a motion for sentence reduction pursuant to W.R.Cr.P. 35(b).[2] In that motion, Appellant requested that "his sentence be modified so that all of his sentences run concurrently." On March 12, 2004, without holding a hearing, the district court entered its *Order Granting Motion for Sentence Reduction.* That order provided:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Motion for Sentence Modification be, and is hereby granted;

IT IS FURTHER ORDERED that the sentence imposed in Counts I, IV and V of not less than five (5) years nor more than ten (10) years be, and is hereby, reduced to a term of not less than five (5) years nor more than eight (8) years.

[¶ 5] The meaning of this order has been the focus of subsequent litigation, including this appeal. It is Appellant's contention that, when the district court granted the motion for sentence reduction, the district court granted the only relief requested therein-that all sentences run concurrently. According to Appellant, the Wyoming Department of Corrections has treated the sentences as consecutive.

[¶ 6] An added complication in this case arises from the retirement of Second Judicial District Court Judge Ken Stebner. Judge Stebner presided over Appellant's original sentencing. Judge Stebner also entered the *Order Granting Motion for Sentence Reduction.* Judge Stebner later retired. He was replaced by Judge Wade Waldrip, who presided over the following proceedings.

[¶ 7] In 2005, Appellant filed three letters with the district court. In one of the letters, Appellant asserted that he had been advised by a records manager from the Wyoming Department of Corrections to "contact the sentencing court and ask for clarification concerning my sentence structure." Appellant requested that the district court enter an order declaring that all of his sentences are concurrent. On July 12, 2005, the district court entered its *Order Denying Sentence Modification.* The order provides that the *Order Granting Motion for Sentence Reduction* "... granted specific relief in response to Defendant's original Motion for Sentence Reduction, and only the specified relief. The requests not granted were, necessarily, denied."

[¶ 8] In October of 2005, Appellant filed a *Petition for Nunc Pro Tunc Judgment and Sentence.* In that petition, Appellant averred that the March 12, 2004 *Order*

---

1. Appellant's misdemeanor sentences are not at issue here.

2. **W.R.Cr.P. 35. Correction or reduction of sentence.**

    . . . .

    (b) Reduction.—A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within one year after the sentence is imposed or probation is revoked, or within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one year after entry of any order or judgment of the Wyoming Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision. The court may determine the motion with or without a hearing.

*Granting Motion for Sentence Reduction* "... does not specify that terms are to be consecutive. The sentence remained concurrent according to law." The district court denied that petition as well, on October 13, 2005.

[¶ 9] The present action began on August 14, 2008, when Appellant filed a *Motion to Clarify and Complete the July 12, 2005 Order.* On September 18, 2008, the district court entered its *Order Clarifying July 12, 2005 Order Denying Sentence Modification.* In clarifying its prior order, the district court concluded that "[i]n actual application, [Appellant] is essentially sentenced to serve two (2) *consecutive* sentences, each 5 years to 8 years in length." (Emphasis in original.) This timely appeal followed.

## DISCUSSION

[¶ 10] Appellant argues that the March 12, 2004 *Order Granting Motion for Sentence Reduction* made all of his sentences concurrent. He submits that, when the district court granted his motion for sentence reduction, it granted the only relief requested in the motion—that all sentences run concurrently. He claims that the reduction in the maximum term (from 10 to 8 years) was a grant of additional relief. He also asserts that the July 12, 2005 *Order Denying Sentence Modification* was so confusing that he was compelled to seek clarification of it. The State, in addition to addressing the merits of Appellant's arguments, contends that the district court lacked jurisdiction to hear Appellant's motions and, alternatively, that Appellant's present claims are barred by the doctrine of *res judicata.*

### *Jurisdiction*

[¶ 11] We first examine the State's contention that the district court lacked jurisdiction to enter both (1) the July 12, 2005 *Order Denying Sentence Modification* and (2) the September 18, 2008 *Order Clarifying July 12, 2005 Order Denying Sentence Modification.* With regard to postconviction relief matters, we follow the rule that, "[O]nce the defendant's conviction has become final because of the exercise or forfeiture of his right to appeal from his conviction, the district court has no continuing authority to act in the case unless permitted by express statute or rule." *Taylor v. State,* 2003 WY 97, ¶ 8, 74 P.3d 1236, 1239 (Wyo. 2003) (citing *Nixon v. State,* 2002 WY 118, ¶¶ 11–13, 51 P.3d 851, 854 (Wyo.2002)). This authority issue presents a question of subject matter jurisdiction, and "[t]he subject matter jurisdiction of a court is a question of law that is reviewed de novo." *Brown v. State,* 2008 WY 9, ¶ 12, 175 P.3d 1158, 1162 (Wyo. 2008).

[¶ 12] With respect to the 2005 order, the State is making a collateral attack on the order's validity. *Joyner v. State,* 2002 WY 174, ¶ 14, 58 P.3d 331, 336 (Wyo.2002) ("Collateral attack principles apply where a party is seeking to attack or 'undo' a prior court order.") As a general rule, collateral attacks on judgments are not allowed. *Id.* at ¶ 12, 58 P.3d at 335–36. However, a "judgment rendered by a court without jurisdiction is void and subject to collateral attack." *Rogers v. City of Cheyenne,* 747 P.2d 1137, 1139 (Wyo.1987); *Joyner,* ¶ 12, 58 P.3d at 335–36. Thus, we will permit the State's jurisdictional challenge to the 2005 order. With respect to the 2008 order, the jurisdictional challenge is clearly appropriate. *Joyner,* ¶ 13, 58 P.3d at 336. However, we reject both challenges.

[¶ 13] The State contends that Appellant's 2005 and 2008 requests for sentence modification were not timely under W.R.Cr.P. 35(b), leaving the district court without jurisdiction to consider the motions. *Stewart v. State,* 654 P.2d 727, 727 (Wyo. 1982). First, we note that Appellant's initial *Motion for Sentence Modification,* which he filed on February 23, 2004, was clearly timely, because the motion was filed within one year of this Court's affirmance of Appellant's convictions. W.R.Cr.P. 35(b); *Tomlin v. State,* 2001 WY 121, 35 P.3d 1255 (Wyo.2001).

[¶ 14] Turning to Appellant's 2005 pleadings, we first note that the "motion" was actually a series of letters. In the letters, Appellant requested, among other things, that the district court clarify the *Order Granting Motion for Sentence Reduction.* Clearly, this was not a request for

sentence reduction under W.R.Cr.P. 35(b), which would have been untimely. Instead, Appellant was requesting clarification/correction of the *Order Granting Motion for Sentence Reduction.* Thus, Appellant's "motion" was not a motion filed pursuant to W.R.Cr.P. 35(b).

[¶ 15] We find authority for Appellant's "motion" in W.R.Cr.P. 36, which provides:

**W.R.Cr.P. 36. Clerical mistakes.**

Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

The Wyoming Rules of Civil Procedure contain a nearly identical provision in W.R.C.P. 60(a).[3] In *Kearns v. State,* 2002 WY 97, ¶ 27, 48 P.3d 1090, 1098 n. 1 (Wyo.2002), we used interpretations of Rule 60 to aid us in interpreting and applying W.R.Cr.P. 36. We find it appropriate to do the same here.

[¶ 16] In interpreting Rule 60(a), this Court has written:

W.R.C.P. 60(a) is intended to correct clerical, not judicial, errors. A clerical error is a mistake or omission of a mechanical nature apparent on the face of the record that prevents the judgment as entered from accurately reflecting the judgment that was rendered. **In addition, W.R.C.P. 60(a) is designed to clarify, as well as to correct, and is properly invoked to dispel either patent or latent ambiguities in a judgment.**

*Elsasser v. Elsasser,* 989 P.2d 106, 108 (Wyo. 1999) (internal citations omitted; emphasis supplied); *Wyland v. Wyland,* 2006 WY 93, ¶¶ 8–9, 138 P.3d 1165, 1167–68 (Wyo.2006).

[¶ 17] In addition, in a slightly different context, we have emphasized that the judicial branch has an obligation to clearly define sentencing structure. In *Jones v. State,* 2003 WY 154, ¶ 8, 79 P.3d 1021, 1024 (Wyo.2003), we quoted our own order, entered upon a petition for writ of review,

which order directed the district court to clarify Jones' sentence structure:

The Court further finds that, due to the district court's refusal, at the time of sentencing, to designate [Jones's] 1993 aggravated robbery sentences as either concurrent or consecutive to his parole sentence, it would not be appropriate or just in this instance for the courts to stand silent and allow the Board of Parole to rely on the presumption of consecutive sentencing found in *Loper v. Shillinger,* 772 P.2d 552, 553 (Wyo.1989) and *Apodaca v. State,* 891 P.2d 83, 85 (Wyo.1995). Therefore, pursuant to its supervisory power, this Court finds that the district court should be directed to correct the 1993 judgment and sentence to include a designation regarding whether the 1993 sentences are to be served concurrently or consecutively to [Jones's] parole sentence. The Court also notes that, despite the fact that this matter may technically be *res judicata* due to the district court's repeated denials of [Jones's] various motions to correct an illegal sentence, its decision is made in the interests of justice as well as in the interest of requiring the judicial branch to discharge its duties. See also W.R.Cr.P. 32(c)(2)(C).

[¶ 18] Here, there is a lack of clarity in the district court's 2004 *Order Granting Motion for Sentence Reduction.* As this litigation indicates, it is not clear if the district court intended that all of Appellant's sentences be concurrent. Thus, we find that, although the district court denominated Appellant's letters as a motion for sentence modification, the letters were a proper motion to correct clerical error, pursuant to W.R.Cr.P. 36. Thus, we conclude that the district court had jurisdiction, pursuant to W.R.Cr.P. 36, to enter its July 12, 2005 *Order Denying Sentence Modification.* In addition, we find that the district court's action, in addressing Appellant's filings on the merits, is entirely consistent with what we said in *Jones.*

---

3. **W.R.C.P. 60. Relief from judgment or order.**
(a) *Clerical Mistakes.*—Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

[¶ 19] We turn next to Appellant's August 2008 *Motion to Clarify and Complete the July 12, 2005 Order.* We again conclude that this motion was a proper motion to correct a clerical error under W.R.Cr.P. 36, inasmuch as the motion also sought clarification. We also again conclude that the district court's actions were consistent with *Jones.* The July 12, 2005 order provided that the 2004 *Order Granting Sentence Reduction* "... granted specific relief in response to Defendant's original Motion for Sentence Reduction, and only the specified relief. The requests not granted were, necessarily, denied." This statement begs the question: what specific relief was granted? Thus, the July 12, 2005 order also suffered from a lack of clarity, although that lack of clarity was arguably less significant than the lack of clarity in the 2004 *Order Granting Sentence Reduction.* In any event, given the rules and precedent detailed above, we conclude that the district court acted appropriately in treating Appellant's motion as jurisdictionally proper. Nevertheless, even though Appellant's motions were jurisdictionally proper, we must still determine whether *res judicata* bars any of Appellant's present claims.

### Res judicata

[¶ 20] "Application of the doctrine of *res judicata* is a question of law that we review *de novo.*" *Stewart Title Guar. Co. v. Tilden,* 2008 WY 46, ¶ 10, 181 P.3d 94, 99 (Wyo.2008). This Court has made clear that

> [t]he concept of *res judicata* applies in criminal cases as well as in civil cases. *Gould v. State,* 2006 WY 157 ¶ 14, 151 P.3d 261, 266 (Wyo.2006). Under *res judicata,* "[i]t is a longstanding rule that issues which **could have been raised** in an earlier proceeding are foreclosed from subsequent consideration." *Gould,* ¶ 15, 151 P.3d at 266 (emphasis in original) (quoting *Lacey v. State,* 2003 WY 148, ¶ 11, 79 P.3d 493, 495 (Wyo.2003)).

*Meyers v. State,* 2007 WY 118, ¶ 12, 164 P.3d 544, 547 (Wyo.2007).

In determining whether the doctrine of *res judicata* applies, we examine four factors: (1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them.

*Lacey v. State,* 2003 WY 148, ¶ 11, 79 P.3d 493, 495 (Wyo.2003). In this case, the parties, the subject matter, and the capacities of the parties have been the same in the post-conviction motions filed in this matter. Therefore, our analysis of the *res judicata* question will focus on whether Appellant raised, or had the opportunity to raise, the same issue presently before us in this appeal in any previous proceeding. *Martinez v. State,* 2007 WY 164, ¶ 11, 169 P.3d 89, 91 (Wyo.2007).

[¶ 21] The district court, in its July 12, 2005 *Order Denying Sentence Modification* clarified the March 2004 *Order Granting Motion for Sentence Reduction.* The 2005 order clearly denied Appellant's requests for relief regarding the interpretation of the 2004 order, including Appellant's argument that the 2004 order made all his sentences concurrent. Indeed, it is clear that the district court did not grant Appellant any relief in its 2005 order. Appellant did not appeal from the 2005 order. Thus, any claims denied by that order, including Appellant's claim that the sentences are concurrent, are *res judicata.* Therefore, Appellant's claims, with respect to the meaning of the 2004 order, are barred by *res judicata,* because those claims were clearly raised, and clearly denied, in 2005.

[¶ 22] Given the foregoing analysis, Appellant's challenges to the order that is the subject of this appeal (the September 18, 2008 *Order Clarifying July 12, 2005 Order Denying Sentence Modification*) must be limited to whether the district court's interpretation and clarification of the July 12, 2005 order was proper. As noted above, it is clear that the district court did not grant Appellant any relief in its July 12, 2005 order. It denied the requested relief. Just as importantly, it granted no affirmative relief. While the July 12, 2005 order may have suffered from a lack of clarity in some respects, it clearly did not grant Appellant any relief, including the relief he requested—that the sentences be declared concurrent. The

district court's September 18, 2008 order, although more specific in clarifying Appellant's sentence structure, is entirely consistent with the July 12, 2005 order. We conclude that the district court's September 18, 2008 clarification of the July 12, 2005 order is entirely consistent with the 2005 order itself. Therefore, the district court's September 18, 2008 *Order Clarifying July 12, 2005 Order Denying Sentence Modification* is affirmed.