2010 WY 22

**Cleo COOPER, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. S–09–0187.**

Supreme Court of Wyoming.

March 3, 2010.

Representing Appellant:  Cleo Cooper, Pro se.

Representing Appellee:  Bruce A. Salzburg, Wyoming Attorney General;  Terry L. Armitage, Deputy Attorney General;  D. Michael Pauling, Senior Assistant Attorney

General; Jenny L. Craig, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] Cleo Cooper (the appellant) appeals from the district court's denial of a motion to correct an illegal sentence, in which the district court clarified its intent that the appellant's sentence was to run consecutive to other sentences. Finding that review of the appellant's claim is barred by the doctrine of *res judicata*, we will affirm the district court's decision.

## ISSUE

[¶ 2] Did the district court err when it denied the appellant's motion to correct an illegal sentence and instead clarified that the appellant's sentence was to be served consecutive to his other sentences?

## FACTS

[¶ 3] The appellant was subject to several separate criminal prosecutions, including case Nos. 16970–C, 16678–C, 16774–B, 16849–B, and a federal prosecution. On July 20, 2006, in case No. 16970–C, the appellant pled guilty to one count of forgery and one count of identity theft. He was subsequently sentenced to 8½ to 10 years for each of those offenses, to run concurrently with one another. At the sentencing hearing, the appellant requested that any sentence that the court imposed be ordered to run concurrently with his sentences in case Nos. 16678–C and 16774–B, which he was currently serving. In response, the judge stated in part:

> You want to accept responsibility but avoid any consequences. And you have been trying to talk your way out of everything.
>
> . . . .
>
> You ask for the mercy of this Court. But every time you've been given mercy, you have ignored your responsibility to the community and to society as a whole.
>
> . . . .

> I decline to make that sentence consecutive to any other sentence you are currently serving. This isn't a situation where you can add up as many as you want and put them on the same bill.

(Emphasis added.) The subsequent written sentence indicated that the two sentences would "run concurrent with each other, but consecutive to Criminal Action Nos. 16678–C and 16774–B . . . ." (Emphasis added.) The appellant timely filed an appeal in that case, and the appeal was consolidated with an appeal from a separate conviction. This Court affirmed the convictions in both cases. *See Cooper v. State*, 2008 WY 5, 174 P.3d 726, 727 (Wyo.2008).

[¶ 4] In January of 2009, the appellant filed a motion for sentence reduction in case No. 16970–C, which motion was granted, thereby reducing the appellant's minimum term to 7½ years. In July of 2009, the appellant filed in the same case a motion to correct an illegal sentence, pursuant to W.R.Cr.P. 35(a). The appellant contended that, consistent with the district court's oral pronouncement at sentencing, his sentences should be served concurrently with the sentences from the other cases, and not consecutively as indicated in the written sentence. In response, the district court issued its Order Clarifying Sentence, denying the appellant's motion and stating:

> [T]o the exten[t] this Court stated in its[ ] oral pronouncement that the sentence in Case No. 16970–C was to be "concurrent" with Case Nos. 16678–C and 16[774–B], the Court misspoke. The sentence in Case No. 16970–C is "consecutive" to Case Nos. 16678–C and 16774–B, as this Court's Judgment and Sentence properly provided.

This appeal follows.

## STANDARD OF REVIEW

[¶ 5] In reviewing on the merits the denial of a motion to correct an illegal sentence, we would apply an abuse of discretion standard. *McDaniel v. State*, 2007 WY 125, ¶¶ 6–7, 163 P.3d 836, 838 (Wyo.2007). As will be seen below, however, we will dispose of this appeal upon other grounds.

## DISCUSSION

[¶ 6] The appellant's main argument is that his sentences in No. 16970–C should be treated as running concurrently with his other sentences as stated in the district court's oral pronouncement and not treated as running consecutively as indicated in the subsequent written sentence because this Court has previously stated that oral pronouncements control over written pronouncements when conflict exists between them. The State argues that the doctrine of *res judicata* bars review of the issue raised by the appellant because the appellant failed to raise the issue earlier.[1] We agree.

We have repeatedly held that claims brought pursuant to W.R.Cr.P. 35(a) are subject to the principles of *res judicata. McCarty v. State,* 929 P.2d 524, 525 (Wyo. 1996); *Lacey v. State,* 2003 WY 148, ¶ 11, 79 P.3d 493, 495 (Wyo.2003); *Dolence v. State,* 2005 WY 27, ¶ 6, 107 P.3d 176, 178 (Wyo.2005); *Amin v. State,* 2006 WY 84, ¶ 5, 138 P.3d 1143, 1144 (Wyo.2006). We have also repeatedly held that the *res judicata* doctrine applies when a defendant could have raised such an issue in an earlier appeal or motion for sentence reduction but did not do so. *Hamill v. State,* 948 P.2d 1356, 1358–59 (Wyo.1997); *Mead v. State,* 2 P.3d 564, 566 (Wyo.2000); *Gould [v. State,* 2006 WY 157], ¶ 16, 151 P.3d [261,] 266 [Wyo. 2006].

*McDaniel,* 2007 WY 125, ¶ 9, 163 P.3d at 838. If a party fails to "show good cause why the issue was not raised at an earlier opportunity, the court may decline to consider the issue." *Hamill v. State,* 948 P.2d 1356, 1358 (Wyo.1997).

[¶ 7] As noted above, the appellant filed a direct appeal from the judgment and sentence of the conviction in case No. 16970–C, which was consolidated with case No. 16849–B. The appellant did not in that appeal raise the illegal-sentence issue that he now raises, even though the issue would then have exist-ed. In fact, in his brief to this Court in that appeal, the appellant stated, "Pertaining to Docket 16970–C, Appellant foregoes raising any issues on appeal, and notes that this appeal will only concern Docket 16849–B." *See Cooper v. State,* 2008 WY 5, 174 P.3d 726 (Wyo.2008). It was not until July of 2009 that the appellant finally raised the issue with the district court. The appellant fails to make any argument to show good cause as to why this issue was not brought to the attention of the district court or this Court on these prior occasions. Consequently, *res judicata* applies.

## CONCLUSION

[¶ 8] We find that *res judicata* bars review of the issue raised by the appellant, because he did not raise it in his motion for sentence reduction and he did not raise it in his direct appeal, and he has not shown good cause to excuse those failures.

[¶ 9] Affirmed.

---

1. The doctrine of *res judicata* bars litigation of issues that were or could have been determined in a prior proceeding. *Martinez v. State,* 2007 WY 164, ¶ 15, 169 P.3d 89, 92 (Wyo.2007). Four factors are used to determine the applicability of the doctrine: "(1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them." *Id.* at ¶ 11, at 91 (quoting *Lacey v. State,* 2003 WY 148, ¶ 11, 79 P.3d 493, 495 (Wyo. 2003)).