# IN THE SUPREME COURT, STATE OF WYOMING

# 2013 WY 35

### OCTOBER TERM, A.D. 2012

### March 20, 2013

STEVEN DAVID LUNDEN,

Appellant
(Defendant),

v.                                                             S-12-0145

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable David B. Park, Judge*

*Representing Appellant:*
    Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel;
    David E. Westling, Senior Assistant Appellate Counsel.

*Representing Appellee:*
    Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy
    Attorney General; Theodore R. Racines, Senior Assistant Attorney General;
    Darrell D. Jackson, Faculty Director, Emily N. Thomas, Student Director, Alan J.
    Dees, Student Intern, Prosecution Assistance Program.

*Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**VOIGT, Justice.**

[¶1]    The appellant, Steven David Lunden, appeals the district court's denial of his motion to correct illegal sentence. On appeal, he claims that the judgment and sentence entered after he pled guilty to misuse of a credit card and forgery are illegal because he was not advised that his guilty pleas may result in the disqualification of his right to possess firearms pursuant to federal law. We affirm.

## ISSUE

[¶2]    Did the district court err when it denied the appellant's motion to correct an illegal sentence?

## FACTS

[¶3]    On May 7, 2010, the appellant pled guilty to one count of unlawful use of a credit card (a misdemeanor) and one count of forgery (a felony). He was sentenced to a term of imprisonment of not less than thirty months nor more than seventy-two months for the forgery conviction and six months in jail for the misdemeanor conviction. The district court ordered the sentences to be served concurrently.

[¶4]    On December 16, 2010, the appellant filed a motion to modify his sentence. The basis of his motion was premised on the fact that he was not given the opportunity to withdraw his guilty pleas after the district court sentenced him to a term of imprisonment and that the district court relied upon inaccurate information regarding his criminal history. The district court denied the motion. On January 5, 2011, the appellant filed a motion to correct an illegal sentence, again claiming that the sentence was based upon inaccurate information regarding his criminal history in the presentence investigation report. The district court also denied that motion. On January 25, 2011, the appellant filed a motion for a reduction of his sentence based upon his behavior during incarceration and familial circumstances. Again, the motion was denied.

[¶5]    On March 1, 2011, the appellant filed a motion for post-conviction relief. He claimed he was denied a direct appeal, he received ineffective assistance of trial counsel, and that the prosecutor engaged in misconduct when he discussed what the appellant claims to be an incorrect criminal history. After review, the district court denied the petition. The appellant filed a petition for writ of certiorari with this Court, which was denied on June 28, 2011. Thereafter, on August 19, 2011, the appellant filed another motion for a reduction of his sentence, again citing his behavior while incarcerated. This time, the district court heard the appellant out on his motion at a hearing on September 7, 2011. However, the afternoon after the hearing, the district court was informed that the appellant was alleged to have been found drinking alcohol, in violation of the rules imposed by the Department of Corrections. After giving the appellant and the State a

1

chance to respond to the allegation, the district court denied the motion. Finally, on April 16, 2012, the appellant filed a motion to correct an illegal sentence. This motion was based upon the same allegations he raised in the petition for post-conviction relief: that he was denied a direct appeal, that he received ineffective assistance of trial counsel, and that the prosecutor engaged in misconduct when he referred to the appellant's criminal history at sentencing. The district court denied the motion, and the appellant now appeals that order.

## STANDARD OF REVIEW

[¶6]    We review a district court's decision to deny a motion to correct an illegal sentence for an abuse of discretion. *Cooper v. State*, 2010 WY 22, ¶ 5, 225 P.3d 1070, 1071 (Wyo. 2010). However, as discussed below, we will dispose of this appeal upon other grounds.

## DISCUSSION

[¶7]    The appellant argues that the district court abused its discretion when it denied his motion to correct an illegal sentence. He claims that, before he entered his guilty pleas, he was not advised, pursuant to Wyo. Stat. Ann. § 7-11-507 (LexisNexis 2011), that pleading guilty to the charges may result in the disqualification of his right to possess a firearm under federal law. The State argues that this Court should not consider the appellant's argument because it is being raised for the first time on appeal. Further, the State asserts that even if the issue had been raised before the district court, it would have been barred by the doctrine of *res judicata*. We agree.

[¶8]    As described in the facts above, *see supra* ¶¶ 4-5, the appellant has filed various motions and petitions since being sentenced, and none of those documents contain an allegation that he was not advised that he may forfeit his right to possess a firearm under federal law if he pled guilty. The order from which he specifically is appealing dealt with allegations of ineffective assistance of trial counsel, denial of the right to appeal his case, and that there was erroneous information in his presentence investigation report. Thus, this claim is being raised for the first time on appeal. As we have regularly stated:

> We strongly adhere to the rule forbidding us to consider for the first time on appeal issues that were neither raised in, nor argued to, the trial court, except for those issues which are jurisdictional or are fundamental in nature. We follow this rule because it is unfair to reverse a ruling of a trial court for reasons that were not presented to it, whether it be legal theories or issues never formally raised in the pleadings nor argued to the trial court.

2

*Washington v. State*, 2011 WY 132, ¶ 15, 261 P.3d 717, 721 (Wyo. 2011) (quoting *Erwin v. State, DFS*, 2010 WY 117, ¶ 15, 237 P.3d 409, 414 (Wyo. 2010)) (internal citations and quotations omitted).

[¶9]    The appellant has provided this Court with no analysis whatsoever as to how this alleged violation was either jurisdictional or fundamental in nature.  Therefore, this Court declines to address the merits of this claim.

[¶10]   Additionally, we find that even if this claim had been raised before the district court, it would have been barred by the doctrine of *res judicata*.  "Under *res judicata*, '[i]t is a longstanding rule that issues which **could have been raised** in an earlier proceeding are foreclosed from subsequent consideration.'"  *Moore v. State*, 2009 WY 108, ¶ 20, 215 P.3d 271, 276 (Wyo. 2009) (quoting *Gould v. State*, 2006 WY 157, ¶ 15, 151 P.3d 261, 266 (Wyo. 2006)) (emphasis in original).[1]

[¶11]   Here, the appellant could have filed a direct appeal, but did not, and filed five motions regarding his sentence and a petition for post-conviction relief.  Granted, this claim could not properly have been addressed in a motion for sentence reduction or motion to correct an illegal sentence because Wyo. Stat. Ann. § 7-11-507 deals with the judgment of conviction and not a sentence.  *See Bird v. State*, 2002 WY 14, ¶ 4, 39 P.3d 430, 431 (Wyo. 2002) ("A motion to correct an illegal sentence is not available for an attack on the validity of a conviction.").   However, the appellant certainly could have attacked the validity of his guilty pleas pursuant to Wyo. Stat. Ann. § 7-11-507 on direct appeal, but instead, did not file a direct appeal.  Although the appellant pled guilty to the crimes for which he was charged, which waives appellate review of non-jurisdictional claims, the appellant still could have raised claims regarding the jurisdiction of the district court or the voluntariness of his guilty pleas.  *Taylor v. State*, 2003 WY 97, ¶ 11, 74 P.3d 1236, 1239 (Wyo. 2003).

[¶12]   Further, the appellant filed a petition for post-conviction relief wherein he could have challenged the events leading to his conviction, so long as the claims were raised in a proper context.  However, instead of raising this claim in his petition, he chose to raise claims regarding his sentence, which are not cognizable in post-conviction relief.  *Harlow v. State*, 2005 WY 12, ¶ 18, 105 P.3d 1049, 1062 (Wyo. 2005).  The appellant had two opportunities to raise this claim before either the district court or this Court, yet did not do so.  Thus, the claim is barred by *res judicata*.

---

[1] "Four factors are used to determine the applicability of the doctrine: '(1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them.' [*Martinez v. State*, 2007 WY 164,] ¶ 11, [169 P.3d 89,] 91 [(Wyo. 2007)] (quoting *Lacey v. State*, 2003 WY 148, ¶ 11, 79 P.3d 493, 495 (Wyo. 2003))." *Cooper*, 2010 WY 22, ¶ 6, 225 P.3d at 1072 n.1.

**CONCLUSION**

[¶13]  We decline to consider the merits of the appellant's claim because it is being raised for the first time on appeal.  We also find that, had this claim been raised before the district court, it would have been barred by *res judicata*.  We affirm.