# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 80

### APRIL TERM, A.D. 2013

### July 2, 2013

MATTHEW C. KURTENBACH,

Appellant
(Defendant),

v.

S-13-0022

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Weston County*
*The Honorable Keith G. Kautz, Judge*

*Representing Appellant:*
    Matthew C. Kurtenbach, *pro se.*

*Representing Appellee:*
    Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Theodore R. Racines, Senior Assistant Attorney General; Jeffrey S. Pope, Assistant Attorney General.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**VOIGT, Justice.**

[¶1]    The appellant, Matthew C. Kurtenbach, appeals the district court's denial of his motion to correct an illegal sentence.  Finding that the appellant's claims are barred by the doctrine of *res judicata*, we affirm the district court's order.

## ISSUE

[¶2]    Did the district court abuse its discretion when it denied the appellant's motion to correct an illegal sentence?

## FACTS

[¶3]    The facts underlying the appellant's conviction and the issues regarding his subsequent difficulties in his incarceration have been discussed in detail in *Kurtenbach v. State*, 2008 WY 109, 192 P.3d 973 (Wyo. 2008) (*Kurtenbach I*) and *Kurtenbach v. State*, 2012 WY 162, 290 P.3d 1101 (Wyo. 2012) (*Kurtenbach II*), and will not be repeated for a third time here.  Suffice it to say, the appellant's current appeal revolves around the facts from *Kurtenbach II*, wherein he claimed that he was not receiving proper credit against his Wyoming sentence while he was incarcerated in North and South Dakota.  In a further attempt to remedy this grievance, he filed a motion to correct an illegal sentence, which was denied by the district court.

## STANDARD OF REVIEW

[¶4]    "We review a district court's decision to deny a motion to correct an illegal sentence for an abuse of discretion." *Lunden v. State*, 2013 WY 35, ¶ 6, 297 P.3d 121, 123 (Wyo. 2013).  However, as discussed below, we will dispose of this appeal on other grounds.

## DISCUSSION

[¶5]    The appellant argues that the district court abused its discretion when it denied his motion to correct an illegal sentence.  He claims that, because he has not received credit against his Wyoming sentence while serving a series of different sentences in North and South Dakota, his sentence is illegal.  He argues that his sentence violates several portions of the United States Constitution, including the prohibition against double jeopardy, the due process clause, the supremacy clause, the full faith and credit clause, separation of powers, the equal protection clause, and the prohibition against cruel and unusual punishment.  He also asserts that his sentence does not give him credit for time spent in "official detention," that his Wyoming sentence is now consecutive to a sentence that did not exist at the time of his Wyoming sentencing, and that he did not receive

1

"equitable credit" for the time he was incarcerated in other jurisdictions. The State argues that these claims are barred by the doctrine of *res judicata*. We agree.

[¶6] This Court has long held that motions to correct illegal sentences are subject to the principles of *res judicata*. *Cooper v. State*, 2010 WY 22, ¶ 6, 225 P.3d 1070, 1072 (Wyo. 2010); *Amin v. State*, 2006 WY 84, ¶ 5, 138 P.3d 1143, 1144 (Wyo. 2006); *Dolence v. State*, 2005 WY 27, ¶ 6, 107 P.3d 176, 178 (Wyo. 2005); *Lacey v. State*, 2003 WY 148, ¶ 11, 79 P.3d 493, 495 (Wyo. 2003); *McCarty v. State*, 929 P.2d 524, 525 (Wyo. 1996). The doctrine of *res judicata* "is a longstanding rule that issues which **could have been raised** in an earlier proceeding are foreclosed from subsequent consideration." *Moore v. State*, 2009 WY 108, ¶ 20, 215 P.3d 271, 276 (Wyo. 2009) (quoting *Gould v. State*, 2006 WY 157, ¶ 15, 151 P.3d 261, 266 (Wyo. 2006)) (emphasis in original). Further, when determining whether *res judicata* applies, this Court reviews four factors: "'(1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them.' [*Martinez v. State*, 2007 WY 164,] ¶ 11, [169 P.3d 89,] 91 [(Wyo. 2007)] (quoting *Lacey v. State*, 2003 WY 148, ¶ 11, 79 P.3d 493, 495 (Wyo. 2003))." *Cooper*, 2010 WY 22, ¶ 6, 225 P.3d at 1072 n.1.

[¶7] Here, since learning that he was not receiving credit against his Wyoming sentence while incarcerated in another jurisdiction, the appellant has filed a barrage of motions with the district court. As evidenced in *Kurtenbach II*, the district court did not have jurisdiction to consider some of those motions. However, a district court "may correct an illegal sentence at any time." W.R.Cr.P. 35(a). Although the district court has jurisdiction to consider a motion to correct an illegal sentence, the appellant's current motion is barred by the doctrine of *res judicata* because he previously filed a motion to correct an illegal sentence wherein he alleged that his sentence was illegal because he was not receiving credit against his Wyoming sentence while incarcerated in North and South Dakota. Granted, the previous motion was much shorter and did not lay out the myriad of constitutional issues he now raises, but the essence of the first motion and the remedy sought is identical to the motion that is the basis of this appeal. Additionally, the facts and circumstances surrounding his constitutional claims were known to the appellant at the time he filed the first motion and, thus, he *could* have raised these additional bases for the alleged illegality of his sentence then. He did not do so. The appellant complains about his sentence and seeks the same remedy he sought in the first motion. That motion was considered and denied by the district court, and the appellant did not appeal that decision to this Court. That decision is now final and he is barred from raising that issue or any other issue that could have been raised in the first motion.

[¶8] Further, the appellant has failed to show good cause as to why these issues were not raised in the first motion to correct an illegal sentence. The appellant argues that he could not have raised these issues in the first motion because his sentence in South Dakota had not been completed at that time, so he was unable to show that his Wyoming

2

sentence was going to be served consecutively. Further, he argues that the federal sentence he received, which was also ordered to be served concurrently with his Wyoming sentence, was not imposed until after he filed the first motion. However, despite the fact that he is no longer serving the South Dakota sentence and he has been sentenced in federal court, the appellant is still making the same arguments and seeking the same remedy as before. This is not good cause to circumvent the doctrine of *res judicata*.

## CONCLUSION

[¶9]    We find that *res judicata* bars review of the issues raised by the appellant because these issues could have been raised in the first motion to correct an illegal sentence but were not. Additionally, even though he included more detailed constitutional issues in the second motion to correct illegal sentence, the appellant is making the same complaint as in the first motion—that he did not receive credit against his Wyoming sentence while incarcerated in other jurisdictions. Further, the appellant has not demonstrated good cause as to why these issues were not raised in the first motion and why the district court and this Court should now consider them. We affirm the district court's denial of the appellant's motion to correct an illegal sentence.